In re FITCH TRANSPORTATION
CORP., Debtor.

**Harold WAPNICK, Plaintiff,**

v.

**SYMBAX, INC. and Realty Growth
Capital Corp., Defendants.**

Bankruptcy No. 180–01439–260.
Adv. No. 182–0309.

United States Bankruptcy Court,
E.D. New York.

April 6, 1983.

John Pereira, New York City, trustee;
Ian Gazes, New York City, of counsel.

Siegel, Sommers & Schwartz, New York
City, for Symbax; Lawrence C. Gottlieb,
New York City, of counsel.

Alan J. Pomerantz, New York City, for
Realty Growth and Firestone.

Harold Wapnick, pro-se, creditor.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy
Judge.

This is an action to determine the priority
of claims alleged to be secured. The plain-
tiff contends that he holds a perfected se-
curity interest in the proceeds of the sale of
certain property of the debtor sold during
the course of this case, superior to that of
the defendants. His claim rests on an as-
sertion that the defendants failed to proper-
ly perfect their own security interest in the
same property.

## FACTS

The debtor, Fitch Transportation Corp.,
filed a voluntary Chapter 7 petition in
bankruptcy on March 24, 1980.

Both defendants are listed in the debtor's
schedules of liabilities as creditors holding
secured but disputed claims. The plaintiff
is not listed but did file a claim. Defend-
ant, Realty Growth Capital Corp., acquired
a first mortgage on certain taxi cabs and
taxi cab medallions of the debtor evidenced
by a security agreement dated May 26,
1978. A UCC–1 financing statement was
filed on June 13, 1978 with respect to that
agreement with the Department of State in
Albany and with the Queens County Clerk
as required by the New York Uniform Com-
mercial Code in order to perfect a security
interest of this type. The other defendant,
Symbax, Inc., acquired a second mortgage
on the same property and subsequently as-
signed that interest to Firestone Financial

Corp., thereby making Firestone the real party in interest in this matter. Symbax had entered into a security agreement with the debtor on August 31, 1978 and filed a UCC–1 financing statement in both Albany and Queens County on September 12, 1978. Symbax subsequently refinanced the mortgage on November 13, 1979, immediately prior to the assignment to Firestone.

The plaintiff, Harold Wapnick, claims to have a security interest in the same property as the defendants. He alleges that his interest is superior to those of the defendants because they did not properly file their UCC–1's thereby rendering their interests unperfected and therefore inferior to his allegedly perfected interest. Mr. Wapnick acquired his alleged interest in the debtor's property by way of assignment from his wife. (We say this interest is only alleged because no security agreement evidencing that interest has ever been produced). Mrs. Wapnick filed a UCC–1 financing statement in Albany and also with the Kings County Clerk on February 28, 1979. Mr. Wapnick testified that the security interest is based on a loan made by Mrs. Wapnick to the debtor in February of 1979. This interest was not listed on any of the debtor's schedules but a claim was filed by Mrs. Wapnick on August 20, 1980, just prior to the assignment to her husband, which took place on August 21, 1980, and prior to the assertion by the plaintiff that he is the holder of a secured claim against the debtor.

Prior to the commencement of the within adversary proceeding the trustee was authorized by this court to sell the assets of the debtor free and clear of the liens of the defendants and to distribute the proceeds of the sale in accordance with a stipulation entered into between the defendants and the trustee in bankruptcy on May 25, 1982. The stipulation further provided that the proceeds were deemed sufficient to satisfy in full the liens of the defendants. Subsequent thereto, the plaintiff instituted these proceedings. The crux of his complaint is that the debtor was not doing business in Queens County and therefore any UCC–1 filing in that County without a filing in the County where the debtor was doing business was by law unperfected.

A trial of the issues having been held before me, I find and conclude as follows:

## DISCUSSION AND CONCLUSIONS

This matter is resolved by a simple reference to the New York Uniform Commercial Code § 9–401 which provides in relevant part that: .

(1) The proper place to file in order to perfect a security interest is as follows:

(a) when the collateral is equipment used in farming operations, or farm products, or accounts, contract rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the filing officer in the county of the debtor's residence if the debtor is a resident of this state, and in addition when the collateral is crops in the office of the filing officer in the county where the land on which the crops are growing or to be grown is located;

(b) when the collateral is goods which at the time the security interest attaches are or are to become fixtures, then in the office where a mortgage on the real estate concerned would be filed, recorded or registered, viz. in the office of the recording officer in the county where the real estate is located.

(c) *in all other cases, in the department of state and in addition, if the debtor has a place of business in this state and in only one county of this state, also in the office of the filing officer of such county.* (Emphasis added).

The collateral in issue, two taxicabs and two taxicab medallions clearly falls under the provisions of paragraph (c). Thus, there was a requirement that the defendants file in both Albany and in the county the debtor was doing business, if it was doing business in only one county. The evidence presented plainly shows that at the time the defendants acquired their interests in the debtor's property the debtor was doing business in Queens County.

That evidence includes cancelled checks and various documents all of which list the debtor's business address as being in Queens County. Since the defendants filed proper UCC–1's in both Queens County and in Albany with the Department of State, their interests are perfected. If the debtor was also conducting business in other counties as well, that would have no bearing on the issue of perfection for if that were true, only a filing in Albany would have been necessary and that was shown to have occurred.

■ The facts reflect that after the UCC–1 statements were filed, the debtor moved to Kings County. This later transfer of the debtor's place of business is irrelevant. § 9–401, goes on to say that:

> (3) a filing which is made in the proper place in this state continues effective even though the debtor's residence or place of business or the location of the collateral or its use, whichever controlled the original filing, is thereafter changed.

Since all competent evidence shows that the defendant's security interests were acquired and properly perfected prior to any transfer of the debtor's place of business, they remain perfected. Therefore, the plaintiff is incorrect in alleging his security interest has priority over those of the defendants. Plaintiff's claim is clearly inferior to those of the defendants and there is no cognizable legal or equitable basis for granting him a superior status. The plaintiff's complaint is therefore dismissed.

IT IS SO ORDERED.